## SUCCESSION OF MOSSY.

A marriage contract stipulated:   "Art. 1. *Les futurs époux seront uns et communs en tous biens, meubles et immeubles, acquêts et conquêts immeubles, qu'ils peuvent maintenant possédée, ou pourront posséder à l'avenir, &c.* Art. 3. *Les biens de la demoiselle future consistent :* 1°. *en une somme de six cents piastres, provenant d'une donation qui lui fût faite par Mr. J. A. et Mme. D. son épouse, grand-père et grande-mère de la demoiselle future;* 2°. *et en son trousseau de la valeur de mille piastres, ainsi que le reconnait le sieur futur qui consent d'en demeurer chargé par le seul fait du mariage.* Art. 4. *Les sieur et Dame A., père et mère de la demoiselle future, constituent en dot, conjointement et par moitié en avancement de leurs successions futures, à Mlle. A., leur fille, qui l'accepte, et dont le sieur futur se fait charge, payée qu'elle soit :* 1°. *une somme de six mille piastres qu'ils s'obligent et promettent de payer aux futurs époux, savoir : trois mille piastres dans le courant du mois de juillet de l'année prochaine, et trois mille piastres dans le courant du mois de jullict de l'année prochaine, mil huit ceut vingt neuf;* 2°. *et douze couverts d'argent, &c. estimés par les parties à la somme de cent vingt piastres, le tout.* Art. 5. *Tous les biens ci-dessus constatés entreront dans la communauté sus-établie et en feront partie à compter du jour de la benédiction nuptiale; et tous les autres biens qui pourront écheoir et appartenir par la suite aux futurs époux, soit par succession, donations, legs ou autres avantages quelconques; seront et demeureront propres à chacun d'eux, de côté et ligne.*" *Held :* That the property brought into the community was that owned by the parties at the date of the marriage contract; that the property which the future wife owned at that time, consisted only of that described in art. 3; that the dowry settled on her by her parents, and to be paid in one and two years, was not her property until after the marriage (C. C. 1733); and that the provision in art. 5, that all the previously enumerated property shall fall into the community, refers exclusively to the property enumerated in the third article, which must be considered as part of the community.

---

[*]A similar decission, for the same reasons, was rendered at the same time, in the case of the *First Municipality v. Vogtel.*

APPEAL from the Second District Court of New Orleans, *Buchanan,* J. pre=
siding. *LeGardeur,* for the appellant. *S. L Johnson,* for the under-tutor,
*contrâ.* The judgment of the court *(King,* J. absent,) was pronounced by

Rost, J. The mother and natural tutrix of the minor children of the late
*Toussaint Mossy,* applied to the court for leave to substitute a special mortgage
to the legal mortgage existing on her property in their favor, and filed an account
liquidating their rights, in which she deducts from the assets of the community
the sum of $7,720, brought by her in marriage. She prayed for its ho-
mologation. This prayer was opposed by the under-tutor of the minors, upon
the ground that, by the marriage contract between the deceased and his wife,
the property brought by the latter in marriage became a part of the community,
and that the whole assets ought to be equally divided between the tutrix and her
children. This appeal is taken from the judgment of the District court sustain-
ing that opposition.

This case turns upon the correct interpretation of the following articles of the
marriage contract:

Art. 1. Les futur époux seront uns et communs en tous biens, meubles et
immeubles, acquêts et conquêts immeubles, qu'ils *peuvent maintenant posséder,*
ou pourront posséder à l'avenir, &c.

Art. 3. *Les biens de la demoiselle future consistent :* 1°. en une somme de
six cents piastres, provenant d'une donation qui lui fut faite par *Mr. Jean Marie
Armant* et *Mme. Félicité Dupin,* son épouse, grand-père et grand-mère de la
demoiselle future; 2°. et en son trousseau de la valeur de mille piastres, ainsi
que le recconnait le sieur futur, qui consent d'en *demeurer chargé par le seul
fait du marriage.*"

Art. 4. Les sieur et dame Armant, père et mère de la demoiselle future,
*constituent en dot,* conjointement et par moitié, en avancement de leurs successions
futures, à Melle. Jeanne Eliza Armant, leur fille, quil' accepte, et *dont le sieur
futur se fait charge,* payée qu'elle soit : 1°. une somme de six mille piastres
qu'ils s'obligent et promettent de payer aux futurs époux, savoir : trois mille
piastres dans le courant du mois de juillet prochain, et trois mille piastres dans le
courant du mois de juillet de l'année prochaine, mil huit cent vingt neuf; 2°. et
douze couverts d'argent, cuilleres à soupe et à ragoût, aussi d'argent, estimés par
les parties à la somme de cent vingt piastres, le tout.

The fifth article then privides that: Tous les biens ci-dessus constatés entre-
ront dans la communauté sus-établie, et en feront partie à compter du jour de la
benédiction nuptiale; et tous les autres biens qui pourront écheoir et appartenir
par la suite aux futurs époux, soit par succession, donations, legs ou autres
avantages quelconques, seront et demeureront propres à chacun d'eux, de côté
et ligne."

We consider that the property brought into the community by the parties was
that, which they owned at the date of the marriage contract. The property
which the appellant possessed and owned at that time, consisted only of the property
described in the third article of the contract. The dowry settled upon her by
her parents, and to be paid in one and two years, was not her property until after
the marriage had taken place. C. C. 1733.

The fifth article provides that, all the property previously enumerated shall fall
into the community. This, we conceive, refers exclusively to the property
enumerated in the third article. Any other interpretation would lead to the absurd
result of throwing into the community a sum of money given to the wife, on

the express condition that it should be dotal, and which the husband has acknowl-
edged to have received as such.

Under the decision of the Supreme Court, in the case of *Fabre et al.* v.
*Sparks*, 12 Rob. 31, the property described in the third article of the contract
must be considered as part of the assets of the community. But the appellant
is entitled to deduct from the total amount of those assets her dowry, amounting
to $6,120.

It is, therefore, ordered that the judgment in this case be reversed. It is further
ordered that the opposition of the under-tutor be sustained, for the sum of $1,600,
mentioned in the third article of the marriage contract between the tutrix and
her husband. It is further ordered that the remainder of the opposition be over-
ruled, and that the account of tutorship be rendered in conformity with this
opinion; the costs of the opposition to be paid by the tutrix, and those of this
appeal by the minors.